IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER BRUNI and MICHELE BRUNI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 11-3151 |
| MICHAEL BADER | : | |

**MEMORANDUM**

Ludwig, J.                                                                                                                March 9, 2012

Plaintiffs Peter and Michele Bruni commenced this action requesting confirmation of an arbitration award issued in Financial Industry Regulatory Authority (FINRA) proceedings. Jurisdiction is diversity. 28 U.S.C. § 1332. Defendant moves to dismiss, asserting that the action does not satisfy the amount in controversy requirement. The motion must be granted and the action dismissed.

According to the complaint, plaintiffs in 2009 filed a Statement of Claim with the FINRA against defendant Michael Bader and two securities firms with which he was formerly affiliated (neither firm is a defendant in this action). Complaint, ¶ 4. On December 30, 2010, the FINRA panel issued an award in favor of plaintiffs "totaling $52,182.87, including $39,000 assessed solely against [defendant] Bader," together with prejudgment interest. Id., ¶ 6 & n.1; Award, Exhibit B to complaint. Bader did not move to vacate the award, and has not paid his portion of it. As a result, FINRA suspended his securities license. Complaint, ¶¶ 12, 14; BrokerCheck Report, Exhibit D to complaint. Stifel Nicholaus, on behalf of its predecessor in interest, Ryan Beck, paid its portion of the award - approximately $17,000. Complaint, n.2. Therefore, the outstanding amount claimed from

Bader is $39,000, plus approximately $6,995 in prejudgment interest. Complaint, ¶ 27.[1]

Where jurisdiction is "predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement." National A-1 Advertising, Inc. v. Doe, 2011 WL 5902213, at *2 (E.D. Pa., filed Nov. 22, 2011), citing In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006). "Courts 'discern the amount in controversy by consulting the face of the complaint and accepting the plaintiff's good faith allegations.' . . . Through it all, however, 'estimations of the amounts recoverable must be realistic' and 'the inquiry should be objective and not based on fanciful, pie-in-the-sky, or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated.'" National A-1, at *2, quoting Dolin v. Asian American Accessories, Inc., 2011 WL 5110219, at *4 (3d Cir., Oct. 28, 2011); Federico v. Home Depot, 507 F.3d 188, 194 (3d Cir. 2007).

On the face of the complaint, the amount in controversy is $45,995 - the amount owed by defendant Bader to plaintiffs. Plaintiffs disagree. They request confirmation of the entire arbitration award - including $17,792 awarded against defendant's former firms, the value of attorneys fees claimed by defendant but denied by the panel, together with $16,300 in

---

[1] Plaintiffs also assert that Bader has acted in bad faith in not paying his portion of the arbitration award, and they are therefore entitled to recovery of attorneys' fees under 42 Pa.C.S. § 2503(9). The basis of the claim is that upon receipt of notice of this action, defendant, through counsel, advised plaintiffs that he was "flat broke" and offered a payment plan to satisfy the award. E-mail from counsel, Exhibit E to complaint. Plaintiffs rejected the offer. Plaintiffs' memorandum at 3. Defendant also reportedly offered to enter into a stipulated order confirming the award, but then chose not to do so on the ground that this court lacks jurisdiction. Exhibit A to plaintiff's memorandum. Viewed objectively, this conduct is not sufficiently arbitrary or vexatious to justify an award of attorney fees under 42 Pa.C.S. § 2503(9).

forum fees payable to FINRA. These amounts, however, are not properly considered in discerning the amount in controversy. As to the award against defendant's former firms, as plaintiffs acknowledge, it was paid before this action was commenced. Complaint, n.2. Therefore, it is not in controversy. National A-1, at *2, citing Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). Nor are defendant's unsuccessful fee request, and the forum fees assessed against defendants, which are not payable to plaintiffs. "It is well-settled . . . that the amount in controversy for jurisdiction purposes is measured by the direct pecuniary value of the right that the plaintiff seeks to enforce." 14AA Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure, § 3703 (2009).

The amount sought by plaintiffs falls far short of the required $75,000. Accordingly, diversity jurisdiction is not present and this action must be dismissed.

BY THE COURT:

 /s/ Edmund V. Ludwig
Edmund V. Ludwig, J.